IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 26, 2014

**STATE OF TENNESSEE v. JIMMY WAYNE WILSON**

**Appeal from the Criminal Court for Sullivan County**
**No. 18745    Robert H. Montgomery, Jr., Judge**

**No. E2013-02354-CCA-R3-CD - Filed March 31, 2014**

Jimmy Wayne Wilson ("the Defendant") was convicted by a jury in 1985 of committing a rape in 1984. The jury also determined the Defendant to be an habitual criminal, and the Defendant, accordingly, was sentenced to life imprisonment. In this proceeding, the Defendant is attacking his sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. The trial court summarily denied the Defendant's motion, and this appeal followed. Upon our thorough review of the record and applicable law, we affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment**
**of the Criminal Court Affirmed**

JEFFREY S. BIVINS, J., delivered the opinion of the Court, in which CAMILLE R. MCMULLEN and ROGER A. PAGE, JJ., joined.

Jimmy W. Wilson, pro se, Wartburg, Tennessee, as the appellant.

Robert E. Cooper, Jr., Attorney General and Reporter; Clark B. Thornton, Senior Counsel; Barry P. Staubus, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Factual and Procedural Background**

In 1985, a jury convicted the Defendant of rape and determined him to be an habitual criminal. The Defendant was sentenced to life imprisonment for the status offense and to twenty years of incarceration for the rape conviction "if ever applicable." This Court affirmed the judgments on direct appeal. See State v. Jimmy Wayne "Jimbo" Wilson, C.C.A. No. 717, 1986 WL 12922, at *13 (Tenn. Crim. App. Nov. 14, 1986), perm. app. denied (Tenn. May 11, 1987; May 18, 1989). This Court specifically determined on direct appeal that the Defendant's prior convictions supported his conviction of being an habitual criminal.

See id. at \*11; see also Jimmy Wayne Wilson v. State, No. 909, 1991 WL 87245, at \*3 (Tenn. Crim. App. May 29, 1991) (rejecting post-conviction challenge to habitual criminal status).

The Defendant embarked on a long and many-faceted campaign attacking his convictions. See Jimmy Wayne Wilson v. State, No. 03C01-9806-CR-00206, 1999 WL 420495, at \*1 (Tenn. Crim. App. June 24, 1999), perm. app. denied (Tenn. Nov. 22, 1999) (setting forth the Defendant's history of litigation to that point). In this proceeding, the Defendant is attempting to avail himself of new rules of criminal and appellate procedure permitting motions for the correction of illegal sentences and direct appeals from the trial court's rulings thereon. See Tenn. R. Crim. P. 36.1, Tenn. R. App. P. 3(b).

Specifically, the Defendant, acting pro se, filed with the trial court from which his convictions issued a "motion to correct an illegal sentence" in which he requested the trial court "to issue an order vacating his conviction and life sentence as a Habitual Criminal and dismiss" the charge of being an habitual criminal. The trial court summarily denied the Defendant's motion on the basis that it failed to state a colorable claim. The Defendant argues to this Court that the trial court erred in denying his motion contending, again, that the convictions on which his habitual criminal status were based do not support his conviction of habitual criminal. The State urges us to affirm the summary denial of the Defendant's motion.

## Analysis

Effective July 1, 2013, the Tennessee Rules of Criminal Procedure were amended with the addition of Rule 36.1 which provides as follows:

(a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

(b) Notice of any motion filed pursuant to this rule shall be promptly provided to the adverse party. If the motion states a colorable claim that the sentence is illegal, and if the defendant is indigent and is not already represented by counsel, the trial court shall appoint counsel to represent the defendant. The adverse party shall have thirty days within which to file a written response to the motion, after which the court shall hold a hearing on the motion, unless all parties waive the hearing.

(c)(1) If the court determines that the sentence is not an illegal sentence, the court shall file an order denying the motion.

. . . .

(d) Upon the filing of an amended uniform judgment document or order otherwise disposing of a motion filed pursuant to this rule, the defendant or the state may initiate an appeal as of right pursuant to Rule 3, Tennessee Rules of Appellate Procedure.

Tenn. R. Crim. P. 36.1. We emphasize that the purpose of this new Rule is to provide an avenue for correcting allegedly illegal *sentences*. The Rule does *not* provide an avenue for seeking the reversal of *convictions*. See Cantrell v. Easterling, 346 S.W.3d 445, 455-56 (Tenn. 2011) (recognizing that convictions and sentences are distinct aspects of a judgment order) (citations omitted).

The gravamen of the Defendant's pleading, however, is an attack upon his habitual criminal conviction. The attack upon his sentence is simply a collateral effect of his endeavor to reverse his conviction and dismiss the underlying charge. The Defendant's argument that his sentence of life imprisonment is illegal depends entirely upon his contention that he did not have the requisite prior convictions to satisfy the statutory criteria for being found an habitual criminal. See Tenn. Code Ann. § 39-1-801 (1982), repealed 1989 Tenn. Pub. Acts ch. 591 § 1. Indeed, the Defendant cannot argue that his sentence, independent of his conviction, was imposed outside of, or in contravention of, the applicable statutory authority because the only sentence available for his conviction of habitual criminal status was life imprisonment. See Tenn. Code Ann. § 39-1-806 (1982) (providing that the punishment for being an habitual criminal "shall be fixed at life in the penitentiary"), repealed 1989 Tenn. Pub. Acts ch. 591 § 1. Accordingly, the Defendant has not set forth a colorable claim that his *sentence*, rather than his *conviction*, is illegal, and his reliance upon Rule 36.1, therefore, is misplaced.

In this proceeding, the trial court committed no error in summarily denying the Defendant's motion. Accordingly, the Defendant is entitled to no relief.

**Conclusion**

We affirm the trial court's judgment.

_____
JEFFREY S. BIVINS, JUDGE